UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

     v.                                                                                    **ORDER**
                                                                                        09-CR-331-A
DAVID DEYNES,

           Defendant.

---

The defendant, David Deynes, has moved pursuant to 18 U.S.C. § 3142(f)(2), based upon changed circumstances, for reconsideration of a March 15, 2012 Decision and Order of Magistrate Judge Hugh B. Scott that denied a motion for release from pretrial detention. (Dkt. No. 470). The Court assumes familiarity with the racketeering-related charges defendant Deynes faces, the prior proceedings in this case, and the arguments of the parties.

As a threshold matter, the United States argues that defendant Deynes' emphasis on his interpretation of evidence and on witness statements he has received during pretrial proceedings to argue that the evidence against him is not as strong as previously proffered by the United States is not sufficient to justify re-opening the detention hearing under § 3142(f)(2). However, the Court finds that the availability of property valued at approximately $85,000 as newly-available potential security for defendant Deynes' pretrial release, and the passage of an additional 20 months during which defendant has been detained pretrial, are circumstances clearly sufficient under 18 U.S.C. § 3142(f) to justify re-opening

the detention hearing.

Based upon consideration of all of the factors in 18 U.S.C. § 3142(g) and the evidence proffered by the United States and defendant Deynes, the Court finds that there is a strong basis for concluding that defendant committed the very serious offenses charged in Counts 1, 62, and 63 in the Fourth Superseding Indictment. The circumstances and characteristics of those offenses, together with the history and characteristics of defendant, strongly support the conclusion that defendant has not met his burden to overcome the presumptions of dangerousness and serious risk of flight that arise under 18 U.S.C. § 3142(e)(2), and the proffered evidence supporting those presumptions. The Court also specifically finds that no available condition or combination of conditions will adequately protect the safety of the community from the defendant.

Although it was not the primary focus of oral argument, the Court has very carefully considered that defendant Deynes' continuing 31-month pretrial detention raises distinct and troubling questions under the Due Process Clause about the propriety of his continuing detention without trial. *See* U.S. Const. amend. V. When the duration of a defendant's pretrial detention becomes so prolonged that it amounts to punishment that does not serve purposes of flight prevention or community protection, the pretrial detention violates due process. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *United States v. Salerno*, 481 U.S. 739, 747-49 (1987); *United States v. Millan*, 4 F.3d 1038, 1043 (2d Cir. 1993). Upon

such violation, a defendant will be released on conditions, ordered to trial, or both.

There is generally a three-part test for determining when an otherwise legitimate pretrial detention becomes too long to be tolerated under the Due Process Clause: (1) the length of delay; (2) the extent to which the prosecution is responsible for delay of the start of the trial; and (3) "the strength of the evidence upon which the detention was based." *United States v. Orena*, 986 F.2d 628, 630 (2d Cir. 1993). The question whether the pretrial detention of defendant Deynes violates due process turns on whether the above-listed factors establish that the duration of his detention is excessive in relation to the non-punitive purposes served by the detention. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979).

After long and involved pretrial proceedings, defendant Deynes is scheduled for jury selection and trial on February 6, 2014. Because the defendant's pretrial detention continues to be necessary to protect the community from additional crimes and to prevent the defendant from fleeing to avoid conviction, a sentence to a mandatory-minimum term of 10 years imprisonment, up to a sentence of life imprisonment, and because his trial will begin February 6, 2013, it does not, at this time, violate due process.

## CONCLUSION

For all of the foregoing reasons, the motion of defendant David Deynes for reconsideration pursuant to 18 U.S.C. § 3142(f)(2) of his pretrial detention is

denied. The defendant is a danger to the community and a risk of flight for which no available conditions or combination of conditions of release will adequately protect the community and assure his appearances in court as required. Although the continuing 31-month pretrial detention of defendant is long, it does not violate due process.

    SO ORDERED.

                                            *s/ Richard J. Arcara*
                                            HONORABLE RICHARD J. ARCARA
                                            UNITED STATES DISTRICT JUDGE

DATED: December 6, 2013